LM/CH/sl

PURSUANT TO CIVIL RIGHTS LAW, SECTION 50(b), THE IDENTITY OF THE VICTIM SHALL BE CONFIDENTIAL AND THIS DOCUMENT SHALL NOT BE MADE AVAILABLE FOR PUBLIC INSPECTION IF IT IDENTIFIES THE VICTIM OR CONTAINS INFORMATION WHICH INTENDS TO IDENTIFY THE VICTIM.

COUNTY COURT
STATE OF NEW YORK : WESTCHESTER COUNTY

THE PEOPLE OF THE STATE OF NEW YORK

    -against-                                       INDICTMENT NO.
                                                      07-0036

WILLIAM DAVIS,

               Defendant.

**COUNT 1**                                                               PL 130.95   03   A-IIF   AR

THE GRAND JURY OF THE COUNTY OF WESTCHESTER, by this Indictment, accuses the defendant of the crime of **PREDATORY SEXUAL ASSAULT**, committed as follows:

The defendant, in the County of Westchester and State of New York, on or about December 28, 2006, engaged in sexual intercourse with another person by forcible compulsion.

## COUNT 2                PL 130.95 03   A-IIF   AR

THE GRAND JURY OF THE COUNTY OF WESTCHESTER, by this Indictment, accuses the defendant of the crime of **PREDATORY SEXUAL ASSAULT**, committed as follows:

The defendant, in the County of Westchester and State of New York, on or about December 28, 2006, engaged in oral sexual conduct with another person by forcible compulsion, consisting of contact between the defendant's mouth and the victim's vagina.

## COUNT 3                PL 130.95 03   A-IIF   AR

THE GRAND JURY OF THE COUNTY OF WESTCHESTER, by this Indictment, accuses the defendant of the crime of **PREDATORY SEXUAL ASSAULT**, committed as follows:

The defendant, in the County of Westchester and State of New York, on or about December 28, 2006, engaged in oral sexual conduct with another person by forcible compulsion, consisting of contact between the defendant's penis and victim's mouth.

**COUNT 4**                                                        PL 130.95   03   A-IIF   AR

THE GRAND JURY OF THE COUNTY OF WESTCHESTER, by this Indictment, accuses the defendant of the crime of **PREDATORY SEXUAL ASSAULT**, committed as follows:

The defendant, in the County of Westchester and State of New York, on or about December 28, 2006, engaged in anal sexual conduct with another person by forcible compulsion, consisting of contact between the defendant's penis and victim's anus.

**COUNT 5**                                                        PL 130.96   03   A-IIF   AR

THE GRAND JURY OF THE COUNTY OF WESTCHESTER, by this Indictment, accuses the defendant of the crime of **PREDATORY SEXUAL ASSAULT AGAINST A CHILD**, committed as follows:

The defendant, in the County of Westchester and State of New York, on or about December 28, 2006, when being eighteen years old or more, did engage in sexual intercourse with another person who was less than thirteen years old.

**COUNT 6**                                                                 PL 130.96    03    A-IIF    AR

THE GRAND JURY OF THE COUNTY OF WESTCHESTER, by this Indictment, accuses the defendant of the crime of **PREDATORY SEXUAL ASSAULT AGAINST A CHILD**, committed as follows:

The defendant, in the County of Westchester and State of New York, on or about December 28, 2006, when being eighteen years old or more, did engage in oral sexual conduct with another person who was less than thirteen years old, consisting of contact between the defendant's mouth and victim's vagina.

**COUNT 7**                                                                 PL 130.96    03    A-IIF    AR

THE GRAND JURY OF THE COUNTY OF WESTCHESTER, by this Indictment, accuses the defendant of the crime of **PREDATORY SEXUAL ASSAULT AGAINST A CHILD**, committed as follows:

The defendant, in the County of Westchester and State of New York, on or about December 28, 2006, when being eighteen years old or more, did engage in oral sexual conduct with another person who was less than thirteen years old, consisting of contact between the defendant's penis and victim's mouth.

[4]

**COUNT 8**   PL 130.96   03   A-IIF   AR

THE GRAND JURY OF THE COUNTY OF WESTCHESTER, by this Indictment, accuses the defendant of the crime of **PREDATORY SEXUAL ASSAULT AGAINST A CHILD**, committed as follows:

The defendant, in the County of Westchester and State of New York, on or about December 28, 2006, when being eighteen years old or more, did engage in anal sexual conduct with another person who was less than thirteen years old, consisting of contact between the defendant's penis and victim's anus.

**COUNT 9**   PL 135.20   BF2   AR

THE GRAND JURY OF THE COUNTY OF WESTCHESTER, by this Indictment, accuses the defendant of the crime of **KIDNAPPING IN THE SECOND DEGREE**, committed as follows:

The defendant, in the County of Westchester and State of New York, on or about December 28, 2006, abducted another person.

## COUNT 10        PL 190.26 01   EF1   AR

THE GRAND JURY OF THE COUNTY OF WESTCHESTER, by this Indictment, accuses the defendant of the crime of **CRIMINAL IMPERSONATION IN THE FIRST DEGREE**, committed as follows:

The defendant, in the County of Westchester and State of New York, on or about December 28, 2006, did pretend to be a police officer and displayed without authority, a badge and other insignia and facsimile thereof, by which such police officer is lawfully distinguished and expressed by his words and actions that he was acting with the approval and authority of any police department and so acted with intent to induce another to submit to such pretended official authority and otherwise to act in reliance upon said pretense and in the course of such pretense committed and attempted to commit a felony.

## COUNT 11        PL 130.35 01   BF1   AR

THE GRAND JURY OF THE COUNTY OF WESTCHESTER, by this Indictment, accuses the defendant of the crime of **RAPE IN THE FIRST DEGREE**, committed as follows:

The defendant, in the County of Westchester and State of New York, on or about December 28, 2006, engaged in sexual intercourse with another person by forcible compulsion.

## COUNT 12            PL 130.35 04 BF1 AR

THE GRAND JURY OF THE COUNTY OF WESTCHESTER, by this Indictment, accuses the defendant of the crime of **RAPE IN THE FIRST DEGREE**, committed as follows:

The defendant, in the County of Westchester and State of New York, on or about December 28, 2006, engaged in sexual intercourse with another person who was less than thirteen years old and the actor was eighteen years old or more.

## COUNT 13            PL 130.50 01 BF1 AR

THE GRAND JURY OF THE COUNTY OF WESTCHESTER, by this Indictment, accuses the defendant of the crime of **CRIMINAL SEXUAL ACT IN THE FIRST DEGREE**, committed as follows:

The defendant, in the County of Westchester and State of New York, on or about December 28, 2006, engaged in oral sexual conduct with another person by forcible compulsion, consisting of contact between the defendant's mouth and the victim's vagina.

**COUNT 14**                                                      PL 130.50  04   BF1  AR

THE GRAND JURY OF THE COUNTY OF WESTCHESTER, by this Indictment, accuses the defendant of the crime of **CRIMINAL SEXUAL ACT IN THE FIRST DEGREE**, committed as follows:

The defendant, in the County of Westchester and State of New York, on or about December 28, 2006, engaged in oral sexual conduct with another person who was less than thirteen years old and the actor is eighteen years old or more, consisting of contact between the defendant's mouth and the victim's vagina.

**COUNT 15**                                                      PL 130.50  01   BF1  AR

THE GRAND JURY OF THE COUNTY OF WESTCHESTER, by this Indictment, accuses the defendant of the crime of **CRIMINAL SEXUAL ACT IN THE FIRST DEGREE**, committed as follows:

The defendant, in the County of Westchester and State of New York, on or about December 28, 2006, engaged in oral sexual conduct with another person by forcible compulsion, consisting of contact between the defendant's penis and the victim's mouth.

**COUNT 16**                                                                           PL 130.50  04  BF1  AR

THE GRAND JURY OF THE COUNTY OF WESTCHESTER, by this Indictment, accuses the defendant of the crime of **CRIMINAL SEXUAL ACT IN THE FIRST DEGREE**, committed as follows:

The defendant, in the County of Westchester and State of New York, on or about December 28, 2006, engaged in oral sexual conduct with another person who was less than thirteen years old and the actor is eighteen years old or more, consisting of contact between the defendant's penis and the victim's mouth.

**COUNT 17**                                                                           PL 130.50  01  BF1  AR

THE GRAND JURY OF THE COUNTY OF WESTCHESTER, by this Indictment, accuses the defendant of the crime of **CRIMINAL SEXUAL ACT IN THE FIRST DEGREE**, committed as follows:

The defendant, in the County of Westchester and State of New York, on or about December 28, 2006, engaged in anal sexual conduct with another person by forcible compulsion, consisting of contact between the defendant's penis and the victim's anus.

**COUNT 18**                                                            PL 130.50  04  BF1  AR

THE GRAND JURY OF THE COUNTY OF WESTCHESTER, by this Indictment, accuses the defendant of the crime of **CRIMINAL SEXUAL ACT IN THE FIRST DEGREE**, committed as follows:

The defendant, in the County of Westchester and State of New York, on or about December 28, 2006, engaged in oral sexual conduct with another person who was less than thirteen years old and the actor is eighteen years old or more, consisting of contact between the defendant's penis and the victim's anus.

**COUNT 19**                                                            PL 130.65  01  DF1  AR

THE GRAND JURY OF THE COUNTY OF WESTCHESTER, by this Indictment, accuses the defendant of the crime of **SEXUAL ABUSE IN THE FIRST DEGREE**, committed as follows:

The defendant, in the County of Westchester and State of New York, on or about December 28, 2006, did subject another person to sexual contact between the defendant's hand and the victim's chest, by forcible compulsion.

## COUNT 20           PL 130.65  01  DF1  AR

THE GRAND JURY OF THE COUNTY OF WESTCHESTER, by this Indictment, accuses the defendant of the crime of **SEXUAL ABUSE IN THE FIRST DEGREE**, committed as follows:

The defendant, in the County of Westchester and State of New York, on or about December 28, 2006, did subject another person to sexual contact between the defendant's mouth and the victim's chest, by forcible compulsion.

## COUNT 21           PL 130.60  02  AM2  AR

THE GRAND JURY OF THE COUNTY OF WESTCHESTER, by this Indictment, accuses the defendant of the crime of **SEXUAL ABUSE IN THE SECOND DEGREE**, committed as follows:

The defendant, in the County of Westchester and State of New York, on or about December 28, 2006, did subject another person less than fourteen years old, to sexual contact between the defendant's hand and the victim's chest.

## COUNT 22                                                              PL 130.60  02   AM2  AR

THE GRAND JURY OF THE COUNTY OF WESTCHESTER, by this Indictment, accuses the defendant of the crime of **SEXUAL ABUSE IN THE SECOND DEGREE**, committed as follows:

The defendant, in the County of Westchester and State of New York, on or about December 28, 2006, did subject another person less than fourteen years old, to sexual contact between the defendant's mouth and the victim's chest.

## COUNT 23                                                              PL 260.10  01   AM0  AR

THE GRAND JURY OF THE COUNTY OF WESTCHESTER, by this Indictment, accuses the defendant of the crime of **ENDANGERING THE WELFARE OF A CHILD**, committed as follows:

The defendant, in the County of Westchester and State of New York, on or about December 28, 2006, knowingly acted in a manner likely to be injurious to the physical, mental and moral welfare of a child less than seventeen years old.

## PEOPLE v. WILLIAM DAVIS

## IDENTIFICATION NOTICE

Please take notice, pursuant to Section 710.30 of the Criminal Procedure Law, that during the trial of the above named matter, the People expect to introduce the testimony identifying the defendant as the person who committed the crimes as charged, which testimony will be given by a witness who has previously identified the defendant as such:

From a photograph at Brooklyn Child Abuse Squad, Brooklyn, NY at approximately 7:00 p.m. on or about January 3, 2007.

Dated: January 16, 2007

        Yours,
        Janet DiFiore
        District Attorney

## PEOPLE v. WILLIAM DAVIS

### IDENTIFICATION NOTICE

Please take notice, pursuant to Section 710.30 of the Criminal Procedure Law, that during the trial of the above named matter, the People expect to introduce the testimony identifying the defendant as the person who committed the crimes as charged, which testimony will be given by a witness who has previously identified the defendant as such:

In Person, from a lineup at Brooklyn Child Abuse Squad Brooklyn, NY, at approximately 2:25 p.m. on or about January 5, 2007.

Dated: January 16, 2007

                    Yours,
                    Janet DiFiore
                    District Attorney

PEOPLE v. WILLIAM DAVIS

## NOTICE TO DEFENDANT OF INTENTION TO OFFER EVIDENCE PURSUANT TO SECTION 710.30 CPL

Please take notice, that the District Attorney intends to offer at trial evidence of a statement made by the defendant       **WILLIAM DAVIS**    to a public servant which statement, if involuntarily made, would render the evidence thereof suppressible upon motion pursuant to Subdivision 3 of Section 710.20 CPL.

Oral made on or about January 5, 2007 at approximately 1:45 a.m. to a detective from New York Police Department (Brooklyn Child Abuse Squad) and a detective from the Village of Ardsley Police Department t the Brooklyn Child Abuse Squad, Brooklyn, New York.

The defendant stated in substance that he understood his Miranda warnings and was willing to speak with the police without a lawyer. Davis asked why he was at the police station. He stated he was very busy during the holidays and the sex offender registration slipped his mind and he accepts the hit and whatever happens to him. He discussed his marriage and pending divorce and that his occupation is that of a person of all trades such as plumbing, electric work and tile work. Davis said his wife is trying to set him up to avoid paying him half of what she is worth because she has a lot of money. She would do anything to get him in trouble so she does not have to give him any money and that is why she made the report to you guys.

Dated: January 17, 2007

                          Yours,
                          Janet DiFiore
                          District Attorney

## PEOPLE v. WILLIAM DAVIS

## NOTICE TO DEFENDANT OF INTENTION TO OFFER EVIDENCE PURSUANT TO SECTION 710.30 CPL

Please take notice, that the District Attorney intends to offer at trial evidence of a statement made by the defendant_____**WILLIAM DAVIS**___ to a public servant which statement, if involuntarily made, would render the evidence thereof suppressible upon motion pursuant to Subdivision 3 of Section 710.20 CPL.

Oral made on or about January 5, 2007 at approximately 2:20 a.m. to a police officer from the Village of Ardsley Police Department at the Brooklyn Child Abuse Squad, Brooklyn, New York.

The defendant asked in substance why he was in Brooklyn if the police officer was from Westchester County. He asked several times why he is in Brooklyn. He indicated in substance that everyone was lying to him, and that it was "bullshit." He stated that the police were trying to "pin something big" on him and the same thing happened the last time. The police officer asked him what he was talking about because he had not told Davis why he was there. The police officer asked why Davis thought he was in Brooklyn and Davis replied "you tell me."

The defendant is asked about a girl's cell phone found in his room, and he replied in substance that he got that phone from a "crack head." The defendant indicated he had many cell phones. The police officer asked Davis how he then knew which phone the officer was asking about and Davis replied that the officer was talking about the picture phone with the picture of a girl on it. Davis said he gets a lot of cell phones from "crack heads" for a couple of dollars and sells the phones for ten dollars, but he found that phone in the area of Rockaway and Avenue L. The police officer asked where he found the phone and Davis replied a block from "gi..." He then stated where he was working doing a tile job. He refused to disclose his client information. Davis stated the phone was broken in the water, and he fixes phones as he is handy. The police officer then stated that Davis got the cell phone from the girl you were in the motel with and who is accusing you of having inappropriate physical contact with. Davis indicated it never happened. He stated he never hurt the girl or raped the girl. The police officer indicated that he never used the word rape or sexual contact and Davis responded by stating in substance that he knew the police were trying to pin a rape on him because of his past.

He was asked about the used condom and he replied he uses it to "jerk off" because he does not want to get his "stuff" in the room and mess up the room. Davis further indicated he has rough hands and he does not want to have use Vaseline. Davis stated the girl was never in that room. He asked when the incident occurred. He stated he had a "44 year old crack whore in the room" at that time. Davis advised he does not to need to rape because he can get a "blowjob" for twenty dollars. The police officer responded by indicating he never used the word rape and Davis stated that even if she is under 18 it is rape. The police officer then indicated that he never told Davis the age and his statement suggests he knows and Davis replied that he will take the rap for not updating his sex offender registration and the police should put him in jail for that.

Davis further stated this is his wife setting him up. She has money and they are getting a divorce and he wants his half. Davis stated he found out things about her and she is trying to make him look bad.

Davis was then advised that the girl said he had a tattoo on his chest. Davis indicated he had a tattoo and displayed the tattoo. Davis stated the girl must have seen the tattoo when he was working in the area and he must have gotten hot and taken his shirt off while moving stuff. When questioned where the girl would have seen him, Davis replied where he found the cell phone. Davis stated this is what happened the last time he was accused of rape. He stated he keeps getting set up. He stated because of his past he keeps having to plead guilty or go to prison for a long time. He stated "This shit keeps haunting me. Just charge me and throw me away forever. You can't help me. You know you are going to convict me of rape so don't try to bull shit me. Be a man." Davis requested to speak with a lawyer.


Dated: January 17, 2007


                        Yours,
                        Janet DiFiore
                        District Attorney

COUNTY COURT
STATE OF NEW YORK : WESTCHESTER COUNTY

---

| | |
|---|---|
| THE PEOPLE OF THE STATE OF NEW YORK | INFORMATION |
| - against - | (Section 200.60(2) of the Criminal Procedure Law) relative to Indictment #:07-0036 Filed herewith against the defendant herein. |
| WILLIAM DAVIS, | |
| Defendant. | |

---

BE IT REMEMBERED by this Information that I, JANET DiFIORE, District Attorney of Westchester County, do accuse the defendant of having previously been convicted of the crime of Sodomy in the First Degree, as follows:

Said defendant, on or about May 14, 1991, in the Supreme Court, New York County, State of New York, was duly convicted of the crime of Sodomy in the First Degree, (Penal Law Section 130.50) (New York County Indictment No. 9752/90).

/s/ JANET DiFIORE
JANET DiFIORE
DISTRICT ATTORNEY

## DISTRICT ATTORNEY'S DEMAND FOR DISCOVERY AND INSPECTION

PLEASE TAKE NOTICE, that pursuant to the provisions of Article 240 of the Criminal Procedure Law, the District Attorney hereby demands that the defendant disclose and make available for inspection, photographing, copying or testing any and all written reports and documents, or portions thereof, concerning all physical and mental examinations, and scientific tests, experiments and comparisons, made by or at the request or direction of the defendant, if the said defendant intends to introduce such reports or documents at trial, or if the said defendant has filed or will file a notice of intent to proffer psychiatric evidence and such reports or documents relate thereto, or if such reports or documents were made by a person, other than the defendant, whom the defendant intends to call as a witness at trial.

IT IS FURTHER DEMANDED, that the defendant disclose and make available for inspection, photographing, copying or testing any and all photographs, drawings, tapes, or other electronic recordings which the defendant intends to introduce at trial.

IT IS FURTHER DEMANDED, that compliance with the requests for discovery and inspection contained in this "DEMAND FOR DISCOVERY AND INSPECTION" take place within fifteen (15) days of the arraignment herein, at a place to be mutually agreed upon by the District Attorney and counsel for the defendant.

## DISTRICT ATTORNEY'S DEMAND FOR BILL OF PARTICULARS

PLEASE TAKE NOTICE, that if the defendant herein intends to offer, for any purpose whatsoever, testimony which may tend to establish presence elsewhere than at the scene of the crime at the time of its commission, you are hereby required within eight (8) days after the service of this demand upon you, to server upon me, the undersigned, District Attorney of the County of Westchester, and file a Bill of Particulars which shall set forth in detail the place or places where the defendant claims to have been, together with the names, residential addresses and place of employment and addresses thereof of the witnesses upon whom defendant intends to rely to establish defendant's presence elsewhere than at the scene of the crime at the time of its commission,

Unless you serve and file such Bill of Particulars, in the event that such testimony is sought to be interposed by you upon the trial for any purpose whatever, or in the event that a witness not mentioned in such Bill of Particulars is called by you to give such testimony, a motion will be made to exclude the testimony of such witness.

The District Attorney will furnish you with the name and address of any alibi-rebuttal witness(es) intended to be called by the People to testify.

Very truly yours,

*Janet DiFiore*

JANET DiFIORE
District Attorney
of Westchester County
111 Dr. Martin Luther King Jr. Blvd.
White Plains, New York 10601
(914) 995-3481