```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :    AFFIRMATION

         -v.-                     :    07 Cr. 468 (RJS)

WILLIAM DAVIS,                    :

              Defendant.          :

- - - - - - - - - - - - - - - - - x

STATE OF NEW YORK           )
NEW YORK COUNTY             )  ss.:
SOUTHERN DISTRICT OF NEW YORK )
```

RONALD PERKINS, pursuant to Title 28, United States Code, Section 1746, hereby affirms under penalty of perjury:

1. I am a Detective with Ardsely Police Department, and have been employed there since August 1996.

2. On or about January 4, 2007, I became involved with an investigation into the defendant relating to his kidnapping, assault, and rape of a twelve year-old girl, on or about December 28, 2006.

3. On or about January 5, 2007, the defendant was arrested by the Ardsely Police Department in connection with his kidnapping, assault, and rape of that twelve year-old girl.

4. On or about January 25, 2007, in connection with my continuing investigation into the defendant, I traveled, along with another member of the Ardsely Police Department, Detective John Sheeley, to 1 West 126th Street, Apt. 6F, New York, New York (the "Apartment") to interview Margaret Scriven, the defendant's wife.

   5. In sum and substance, Ms. Scriven informed us that:

   a. She was married to the defendant and they had a young son named Myles;

   b. She had a daughter named Maya from a prior relationship;

   c. She was aware of the defendant's previous criminal conviction, but was assured by the defendant that his prior conviction were a result of his being set up by a "crack whore," and that he was forced to plead guilty;

   d. In or about March 2006, Maya told her that the defendant would often walk around the Apartment naked and that the defendant had touched Maya in an inappropraite way. Thereafter, Scriven threw the defendant out of the Apartment;

   e. In or about October 2006, she contacted the New York City Police Department about the defendant's sexual abuse of her daughter Maya. Shortly thereafter, an Order of Protection issued;

   f. She has not talked to the defendant since in or about October 2006;

   g. She was, as of January 25, 2007, in the process of throwing out the defendant's remaining belongings that she no longer wanted, including some paperwork, a computer hard drive, and a safe;

  h. The defendant had told her that there may be a gun in the safe, and though she wanted to throw the safe away she was uncomfortable doing so given its potential contents;

  i. We could take the safe with us back to the police station; and

  j. She would not throw out anything else belonging to the defendant until she talked to the Ardsely Police Department.

6. After the January 25 meeting with Scriven, we took the safe back to the police station, contacted our local District Attorney's Office, and were told that we could open the safe because it was common property.

7. In or around January 31, 2007, we opened the safe and I viewed several CDs that contained numerous images of child pornography;

8. Shortly thereafter, I contacted the Federal Bureau of Investigation about my finding evidence of child pornography

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
   October 24, 2007

                _____
                DET. RONALD PERKINS