UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-against-

WILLIAM DAVIS

Defendant.

DECLARATION
07CR468 (KMK)

I Royce Russell, hereby declare under the penalties of perjury, pursuant to 28 U.S.C. Sec. 1746 that:

I am a partner at the law firm of Emdin & Russell, LLP., and have been appointed by this Court to represent Mr. William Davis, the defendant in this action.

I make this declaration in support of a motion pursuant to Rules 12 and 41 of the Federal Rules of Criminal Procedures to suppress physical evidence obtained in violation of the Fourth Amendment to the United States Constitution or in the alternative, for an evidentiary hearing.

The statements written, the Declaration herein are based on information and belief, Mr. Davis' own Declaration, reading previously filed motion and response as well as discussion with the Government.

**HISTORY**

Mr. Davis was indicted for possessing child pornography, in violation of 18 U.S.C. Sec. 2252 (A) (a) (5) (B) and (b) (2) (count one) and possessing ammunition as previously convicted felon in violation of 18 U.S.C. Sec. 922 (G) (1) (count two).

On the date presented to court, Mr. Davis pled not guilty to the indictment.

Both allegations were based on the abovementioned items being retrieved from Mr. Davis' safe.

Upon information and belief police officers, absent a search warrant opened Mr. Davis' safe. Mr. Davis did not give anyone, more specifically, the officers permission or authority to open the safe.

## THE EVIDENCE OBTAINED FROM THE SAFE MUST BE SUPPRESSED

The undersigned and Mr. Davis adopt prior counsel's declaration, as to the illegality of the search, and advances that declaration herein with further analysis in response to the Government's position.

The uncontested facts are as follows:

1. The police did not obtain a search warrant.
2. Mr. Davis did not give consent to anyone to search the safe.
3. No exigent circumstances exist which warranted a search.

In absent of the above, the facts establish a prima facia violation of the Fourth Amendment.

The Government asserts Mr. Davis abandoned the safe. Moreover, their position is that Mr. Davis' intent and state of mind, as to his expectation of privacy concerning the safe, is of no moment. We assert that such is not the case and the Court should consider Mr. Davis' intention and state of mind detailed in the attached declaration, which establishes issues of fact to be decided at an evidentiary hearing.

The Government suggests that the issue at hand, is whether the police officers who searched the safe could reasonably conclude that the defendant intended to relinquish possession of it. See United States v. Rem, 984 F. 2d 806, (7th Cir 1993). Additionally, the Government

proffered by way of case law; Abel v. United States, 362 U.S. 217 (1960), United States v. Levasseur, 816 F. 2d 37 (2nd Cir 1987) and United Stated v. Hayes, 120 F. 3d 739 (8th Cir 1997), that this court look to the defendant's intentions, by way of the defendant's actions, to establish whether the officers could reasonably conclude that the defendant intended to relinquish possession of the item searched and/or retrieved.

The case at hand, is distinguishable from the facts illustrated in the abovementioned cases. In Rem, Levasseur, and Hayes, the defendants were all at liberty, at the time the search and/or retrieval of evidence occurred. Thus, the court ruled based upon the defendant's actions or lack of action while in the presence of the police to establish a reasonable basis to conclude that those evidentiary items were abandoned.

In the instant case, it is established that in December of 2007, that the Ardsley Police Department interviewed Ms. Scriven about Mr. Davis' safe. (See Margaret Scriven's Affirmation.) Mr. Davis was arrested on or about January 4, 2007. Mr. Davis was remanded based on the rape allegations and his criminal history. Mr. Davis was convicted in August of 2007. Therefore Mr. Davis was in police custody for 11 months prior to the Ardsley Police interview with Ms. Scriven, which led to the warrantless search.

Unlike the cases cited by the Government, the court in this case has no objective criteria to evaluate Mr. Davis' intensions, state of mind, actions or lack of action to reasonably conclude that Mr. Davis intended to relinquish possession of the safe. The court is only left to rely on an affirmation signed by a person who has accused the defendant of a heinous crime which led to their divorce. Given, Ms. Scriven accused Mr. Davis of molesting her child, any affirmation submitted by her must be viewed with a critical eye and it is our position that said affirmation is

unreliable and should be viewed as such. Thus, warranting the court to conduct an evidentiary hearing.

Moreover, given that Mr. Davis was in police custody for approximately 11 months the police could not form a reasonable conclusion that Mr. Davis intended to relinquish possession of the safe based on his actions or lack thereof because he was in custody thus, not at liberty to demonstrate his intentions.

It is no secret that Mr. Davis was a target for the Westchester rape case for which he was convicted, given his prior convictions and sex offender status. Furthermore, it is clear that the Andsley Police were investigating Mr. Davis since 2006, but did not have a basis to make an arrest or to search his belongings, and upon his arrest in January of 2007, the police still did not possess probable cause to search the safe in question or else they would have applied for a warrant.

The abandonment theory for the warrantless search is pretext in nature. Mr. Davis was in custody prior to the search therefore the police could not conclude based upon Mr. Davis' actions or lack of action that he abandoned the safe, but rather, the police must rely on a prejudiced third party for the basis for the warrantless search and argue abandonment before this court.

Therefore, under these facts and the totality of the circumstances for which the police concluded that Mr. Davis abandoned the safe, the court can only look at the defendant's possessory intent in the safe and its contents in determining whether the defendant manifested any objective intention to retain a legitimate expectation of privacy, thus warranting suppression or in the alternative an evidentiary hearing to establish the legality of the search.

## CONCLUSION

For the forgoing reason the evidence obtained should be suppressed and/or in the alternative an evidentiary hearing should be held.

Respectively submitted

By: _____
Royce Russell, Esq.
Emdin & Russell, LLP.
286 Madison Avenue, Suite 2002
New York, N.Y. 10017
212-683-3995

Cc: Benjamin A Naftalis
AUSA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X

UNITED STATES OF AMERICA

-against-                                    DECLARATION
                                             07-CR468(KMK)
WILLIAM DAVIS

                    Defendant
----------------------------------------X

I William Davis, hereby declare under the penalties of perjury, pursuant to 28 U.S.C. 1746 that:

1. I am the defendant in this criminal action, and I am submitting this Declaration in support of a Motion to Suppress Physical Evidence that was obtained in violation of my rights under the Fourth Amendment to the United States Constitution.

2. This Declaration is based on my best recollection of the events that it describes, because its purpose is limited to establishing that my rights were violated, I have not included every detail of what occurred.

3. In 2006, and 2007, I owned a safe in which I kept some of my personal belongings; it was my expectation that the contents of the safe would remain private.

4. In 2006, and 2007, my wife and I were in the process of a divorce whereupon for a period of time we lived in separate residence.

5. During said time of our separation, I made several attempts to retrieve my personal belonging for which I was successful. These items were basically clothes and/or items I needed no assistance in retrieving.

6. Near the end of me gathering my belongings my ex-wife and I had an argument as to my larger personal items, such as our bed set, exercise equipment and safe. The argument centered around me bringing over laborers to the apartment to assist in removing these items.

7. Ex-wife, Margaret Scriven did not want strangers in the apartment when she was not present and this prompted her to change the apartment locks, thus on at least two occasions I was unsuccessful in retrieving the above mentioned personal items. Moreover, Ms. Scriven not only changed the locks on the Apartment as well as the mail box.

8. Additionally, after agreeing on a dates and times for which I could retrieve my safe and the like, Ms. Scriven without notice would leave the State of New York thus my attempts to retrieve any personal belongings failed.

9. At no time did I ever receive by way of mail and/or hand delivery any notice, letter or correspondence that my personal belongings, more specifically, my safe would be discarded into the street.

10. The only written correspondence I received from Ms. Scriven was concerning a Family Court matter, nothing more, and upon receiving said information Ms. Scriven refused to speak to me as she visited South Carolina.

11. I have recently learned that on or about January of 2007, police officers opened my safe even though they did not have a search warrant.

12. At no time did I abandon the safe, and at no time did I consent to the officers opening the safe.

13. My attorney has advised me that the officer's conduct violated my Fourth Amendment Rights pursuant to the United States Constitution.

**WHEREFORE**, I respectfully request that this Court enter an order suppressing the evidence removed as a result of this Fourth Amendment violation.

Dated: New York, New York
May 29, 2008

William Davis

OCT-23-2007 16:19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA          :
                                   :    07 Cr. 468 (RJS)
          -v.-                     :
                                   :    **AFFIRMATION**
WILLIAM DAVIS,                     :
                                   :
                    Defendant.     :
- - - - - - - - - - - - - - - - - - - -x

STATE OF NEW YORK   )
NEW YORK COUNTY     ) ss.:
SOUTHERN DISTRICT OF NEW YORK )

MARGARET SCRIVEN, pursuant to Title 28, United States Code, Section 1746, hereby affirms under penalty of perjury:

1. On July 29, 2005, I married William Davis, and lived with him at an apartment located at 1 West 126th Street, Apt. 6F, New York ("My Apartment").

2. In December 2007, I was interviewed at My Apartment by officers of the Ardsley Police Department in connection with their investigation and pursuit of the defendant, for predatory sexual assault, kidnapping, criminal impersonation of a police officer, rape, sexual abuse, endangering the welfare of a child, sexual menacing, and rape of a 12 year-old girl. I told them, in sum and substance, some of the following:

   a. In April 2006, I kicked the defendant out of My Apartment after I learned that the defendant was sexually abusing my daughter;

   b. After April 2006 -- with the exception of one call in July 2006 to inform the defendant about the birth of our son -- the only thing I talked to the defendant about was his coming to My Apartment to pick up his

P.02/04

belongings;

c. Over the next few months, I called the defendant numerous times on his home and cell phones, and told him to come to My Apartment to pick up his belongings;

d. Between April 2006 and July 2006, the defendant made approximately four to five trips to My Apartment and retrieved some of his personal belongings, including his television, two computers, some electronics, mail, and some clothing;

e. The last time the defendant came to My Apartment to pick up his belongings was in July 2006;

f. In September 2006, I called the defendant several times on his home and cell phones, and again told him to pick up the rest of his belongings;

g. In September or October 2006, I sent the defendant a certified letter telling him to come get the rest of his belongings otherwise I was going to throw them out;

h. In October 2006, after the defendant had received paperwork from the New York City Administration for Children's Services ("ACS") relating to his abuse of my daughter, I talked to the defendant on the telephone and again told him to get the rest of his belongings;

i. After I learned of the defendant's arrest, I began to throw out the things the defendant still hadn't picked up; and

j. One item the defendant never picked up was his safe, to which I don't know the combination;

3. After the defendant's arrest, I called the police and told them about the safe. Shortly thereafter, the police

-2-

OCT-23-2007 16:20

took the safe, in addition to one of the defendant's computer hard drive.

4. I have not talked to the defendant since October 2006.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
September 20, 2007

*[signature]*
MARGARET SCRIVEN

-3-

P.04/04

TOTAL P.04